# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

DAVID P. NICHOLS, Treasurer of the State of Connecticut, as Trustee, etc., Respondent, *v.* SYLVESTER H. MASE, Appellant.

*Mortgage of personal property given by a corporation in another State — it need not be filed in this State — a lien valid in the State where it is created will be enforced in all States where the property subsequently comes — Chaps. 279 of 1833 and 799 of 1868 providing for the filing or recording of chattel mortgages have no extra territorial force.*

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This is an action against the sheriff of Dutchess county to recover certain personal property consisting of a locomotive engine, railroad cars and other movable personal property, seized by him in this State by virtue of an attachment against the Connecticut Western Railroad Company, a corporation created pursuant to the laws of the State of Connecticut. The plaintiff is the treasurer of the said State and claims the property by virtue of a mortgage made October 11, 1870, between said railroad company of the first part and the treasurer of the State of Connecticut of the second part, by which the company mortgaged to said treasurer its railroad from Hartford to the east line of this State and its lands, with all and singular the railways, etc., etc., tools, cars, engines, equipments, machinery, fuel, material, privileges, appendages, appurtenances and property real and personal, which then belonged or might at any time thereafter belong to said company, and be used as a part of said railroad or be appurtenant thereto, and necessary to the construction, operation or

security thereof. And also all the property, rights and franchises of the company under its charter, etc., in trust for holders of bonds of the company particularly referred to in the mortgage. The levy made by the sheriff occurred on the 19th of March, 1880. On the 27th of April, 1880, the property of the railroad company was formally surrendered to the trustee named in the mortgage.

The General Term, after considering and overruling certain objections of the appellant, said : " The only remaining question is whether the mortgage was valid in this State. The filing and recording of the mortgage was not required by any law in this State.

" The act of 1833 (chap. 279) provided that where the mortgager was not a resident of this State the mortgage should be filed in the town or city where the mortgaged property was at the time of the execution of the mortgage. It was held under that act that a rail road corporation was to be deemed resident in all the towns and cities in which any part of its line was located.

" Then came the act of 1868 (chap. 799) which rendered unneces sary the filing of a mortgage upon real and personal property which had been duly recorded as a mortgage of real estate. These statutes of course have no extra territorial operation.

" The question of the validity of the mortgage in this case must be determined by an application of the general rules of law. It does not appear that the mortgaged property in dispute was pur chased in this State or that it was in this State when it was mort gaged. As a general rule the law of the domicil of the owner of personal property determines the validity of a mortgage thereof made by him. The mortgage being valid in Connecticut where the railroad was and where the mortgage was made we think the mort- gagee should be protected in all rights given him by the mortgage. Such seems to be the established rule of law in this State and in our sister States.

" In *Martin* v. *Hill* (12 Barb., 631) the court said : ' If a lien is good notwithstanding it is unaccompanied by possession where the lien is created, it seems contrary to reason that the creditor should gain priority by proceeding *in invitum* in any other State to which the property may happen to be taken for temporary purposes.' In *Ætna Insurance Company* v. *Aldrich* (26 N. Y., 96) the court held that the law of Illinois was to govern as to the validity and effect

of defendant's mortgage because the contract was made in that State, and if valid there it was to be considered equally valid and to be enforced here. In *Hoyt* v. *Thompson* (19 N. Y., 224) it was held that the voluntary conveyance of personal property could, by the law of the place where it was made, pass title wheresoever the property might be situated. (See, also, *Langworthy* v. *Little*, 12 Cush., 109; *Jones* v. *Taylor*, 30 Vt., 42; *Ferguson* v. *Clifford*, 37 N. H., 36; *Edgerly* v. *Bush*, 81 N. Y., 109.)

"Much might be said in favor of protecting our own citizens against the frauds arising from the non-delivery of the possession of personal property, and against exempting citizens of other States from the provisions of our laws, passed for the purpose of affording such protection. On the other hand it is evident that any other rule than that founded in comity before stated would be against public policy, as tending to cripple commerce and to restrict that free intercourse between the citizens of our State and those of other States and countries, which the public interests require should be encouraged."

*Homer A. Nelson*, for the appellant.

*R. F. Wilkinson*, for the respondent.

Opinion by GILBERT, J.

Present — GILBERT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.